## RUSSELL vs. M'CONAHEY.

Guernsey.
November 1817
——
Russell
v.
M'Conahey.

The act against forcible entry and detainer, requires, that a complaint should be made in writing, to warrant the issuing of process by the justice.

If such complaint do not appear on the return to a certiorari, the judgment of the justices will be reversed.

Certiorari, to two justices of the peace, with which was returned a transcript, duly certified, of the proceedings before them, under the "act against forcible entry and detainer."

Culbertson, for plaintiff, assigned several errors; one only of which need be noticed here, it being that on which the opinion of the court was formed; it was, "that it did not appear in and by the said record, that any complaint in writing, was ever made to the said justices of the peace upon which their proceedings were predicated."

Harper, contra.

President.—It is not necessary to consider all the errors assigned in this case, because we are satisfied that the judgment of the justices must be reversed, they having proceeded without a complaint in writing made to them by the plaintiff below.

The "act against forcible entry and detainer," provides, "that when complaint shall be made in writing, to any two justices of the peace, of any unlawful and forcible entry, &c. they shall make out their warrant," &c. The complaint in writing, is to be the foundation of the whole proceedings; upon that alone, are the justices authorised to issue their warrant; it does not appear by the return to this Certiorari, that any such complaint was made: there is, therefore, on the return, an apparent want of jurisdiction in the magistrates.—It is not only necessary that a complaint should be made in writing to the justices, but such complaint should be a part of the return to the writ of Certiorari; for without having the complaint before us, we cannot judge of the correctness of the proceedings below; as in this case we cannot know, from the return of the justices, what property it was which the plaintiff sought to recover possession of, nor where situated; so that, if we were to affirm the judgment of the justices, it would be impossible to award a writ of restitution.

Judgment of the justices reversed.